FORM 26. Docketing Statement                                          Form 26 (p. 1)
                                                                       July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## DOCKETING STATEMENT

**Case Number:** 2024-1523

**Short Case Caption:** Dynamite Marketing, Inc. v. The WowLine, Inc.

**Filing Party/Entity:** The WowLine, Inc., Sherman Specialty, Inc., and Sherman Specialty LLC

**Instructions:** Complete each section or check the box if a section is intentionally blank or not applicable. Attach additional pages as needed. Refer to the court's Mediation Guidelines for filing requirements. An amended docketing statement is required for each new appeal or cross-appeal consolidated after first filing.

| Case Origin | Originating Number | Type of Case |
|---|---|---|
| Eastern District of New York | 2:19-cv-03067 | Patent/Federal Question |

**Relief sought on appeal:** ☐ None/Not Applicable

Reversal of orders and judgments entered thereon in favor of Plaintiff's claim for infringement of U.S. Patent No. D751,877 and against Defendants' defenses, the inventorship claim, and Defendants' post-trial motions seeking judgment as a matter of law, a new trial and/or remittitur on the issues of inventorship, damages, standing, validity, infringement and willfulness

**Relief awarded below (if damages, specify):** ☐ None/Not Applicable

Jury damages award of $1,850,000.00 for infringement of U.S. Patent No. D751,877; attorneys' fees of $1,134,157.50, expert fees of $250,168.86, and costs of $152,317.91; pre-judgment interest from the date of filing of the complaint in the amount of $148,673.06; permanent injunction

**Briefly describe the judgment/order appealed from:**

Orders and judgments entered thereon in favor of Plaintiff's claim for infringement of U.S. Patent No. D751,877 and against Defendants' defenses, the inventorship claim, and Defendants' post-trial motions seeking judgment as a matter of law, a new trial and/or remittitur on the issues of inventorship, damages, standing, validity, infringement and willfulness

**Nature of judgment (select one):**          **Date of judgment:** 1/22/24

☒ Final Judgment, 28 USC § 1295
☐ Rule 54(b)
☐ Interlocutory Order (specify type) _____
☐ Other (explain) _____

FORM 26. Docketing Statement                                    Form 26 (p. 2)
                                                                 July 2020

Name and docket number of any related cases pending before this court, and the name of the writing judge if an opinion was issued.  ☑ None/Not Applicable

```
[                                                              ]
```

Issues to be raised on appeal:  ☐ None/Not Applicable

```
See Appendix A
```

Have there been discussions with other parties relating to settlement of this case?
☑ Yes   ☐ No

If "yes," when were the last such discussions?
   ☐ Before the case was filed below
   ☑ During the pendency of the case below
   ☑ Following the judgment/order appealed from

If "yes," were the settlement discussions mediated?   ☐ Yes   ☑ No

If they were mediated, by whom?

```
[                                                              ]
```

Do you believe that this case may be amenable to mediation? ☑ Yes   ☐ No
Explain.

```
As Appellant presents its issues on appeal, the parties may desire to settle this dispute.
```

Provide any other information relevant to the inclusion of this case in the court's mediation program.

```
[                                                              ]
```

Date: 3/12/24                Signature: /s/ Jeffrey L. Snow

                             Name:      Jeffrey L. Snow

Save for Filing

# **APPENDIX A**

Issues to be Raised on Appeal:

1. Whether the District Court erred in submitting the inventorship claim, which is a question of law, to the jury.

2. Whether the District Court erred in denying the post-trial motion for judgment as a matter of law that LaErik Cooper made a substantial contribution to the claimed design of U.S. Design Patent No. D751,877 and should be declared a joint inventor thereof.

3. Whether the District Court erred in denying the post-trial motion for judgment as a matter of law that U.S. Design Patent No. D751,877 is not infringed and the alternative motion for a new trial on the issue of infringement, because the evidence failed to establish the inclusion of non-functional, ornamental features of the claimed design in the accused products.

4. Whether the District Court abused its discretion and erred in denying the post-trial motion for a new trial on the issue of infringement of U.S. Design Patent No. D751,877, due to the exclusion of expert and fact witness testimony on the question of the identity and characteristics of the ordinary observer as the standard from which a determination of infringement is made.

5. Whether the District Court erred in denying the post-trial motion for judgment as a matter of law that U.S. Design Patent No. D751,877 is invalid for obviousness in light of the cited prior art and the alternative motion for a new trial on the issue of obviousness.

6. Whether the District Court erred in awarding lost profits damages and denying the post-trial motion for judgment as a matter of law for remittitur or a new trial on damages because (a) the only competent evidence presented failed to establish that there were (i) no acceptable non-infringing substitutes or that the Plaintiff lost some sales or (ii) demand for the patented product, under the four-factor *Panduit* test and (b) there was insufficient non-speculative evidence to support a quantification of lost profits damages.

7. Whether the District Court erred in denying the post-trial motion for judgment as a matter of law and the alternative motion for a new trial on the basis that there was no willful infringement of U.S. Design Patent No. D751,877 in light of the totality of the evidence presented.

8. Whether the District Court abused its discretion and erred in granting the post-trial motion for an award of attorney's fees.